# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# WESTERN DIVISION

| | |
|---|---|
| CASA DESIGN, INC., ) | |
| ) | |
| Plaintiff; ) | |
| ) | |
| vs. ) | Case No. 17-CV-216 |
| ) | |
| ALACRAN CONTRACTING, LLC ) | |
| An Illinois limited liability company ) | |
| ) | |
| Defendant. ) | |
| ) | |

## COMPLAINT

COMES NOW Plaintiff CASA DESIGN, INC., by and through the undersigned attorneys, and for its Complaint against Defendant, ALACRAN CONTRACTING, LLC states as follows:

## THE PARTIES

1. Plaintiff Casa Design, LLC. ("Casa") is an Alabama limited liability company.

2. On information and belief, Defendant Alacran Contracting, LLC ("Alacran") is an Illinois limited liability company with its principle offices located at 2303 Charles Street Rockford, IL 61104.

## JURISDICTION AND VENUE

3. This Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs.

4. Venue in this district is proper pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to these claims occurred in this judicial district.

## FACTS COMMON TO ALL COUNTS

5. Casa is engaged in the business of providing design and building services in the construction industry.

6. Alacran is engaged in the business of providing general contracting services in the construction industry, including providing construction services for federal buildings.

7. In or around mid 2013, authorized representatives of Alacran engaged Casa to perform quality assurance quality control ("QAQC") and project management planning ("PMP") for a Corps of Engineer building in Peoria, Illinois, Government Contract No. W912EK-12-0036 (hereinafter referred to as "Project").

8. By virtue of this Agreement, Casa furnished and provided employees to perform QAQC and PMP to Alacran for use in the construction of the Project.

9. Casa has performed all the terms and conditions of the Agreement.

10. Casa submitted separate invoices to Alacran for Casa's work performed on the Project. Of those invoices, the following eight (8) invoices remain outstanding and unpaid:

(a) Invoice No. 101 dated Dec. 11, 2013 in the amount of $31,200.00;

(b) Invoice No. 103, dated Dec. 16, 2013 in the amount of $1,510.94;

(c) Invoice No. 104, dated Dec. 16, 2013 in the amount of $1,126.99;

(d) Invoice No. 105, dated Jan. 6, 2014 in the amount of $24,700.00;

(e) Invoice No. 106, dated Jan. 22, 2014 in the amount of $5,265.00;

(f) Invoice No. 107, dated Jan. 22, 2014 in the amount of $1,328.89;

(g) Invoice No. 108, dated Mar. 5, 2014 in the amount of $5,200.00;

(f) Invoice No. 109, dated Mar. 5, 2014 in the amount of $563.06

(A true and correct copy of Casa's invoice to Alacran is attached hereto as Exhibit "A")

11. The Agreement calls for a ten percent (10%) late fee.

12. The balance due and owing to Casa from Alacran for the work Casa performed on the Project pursuant to the Agreement totals at least $87,168.96.

13. Casa has demanded payment from Alacran on numerous occasions and has not received full payment.

14. Casa performed all of its obligations related to the Project and under the Agreement with Alacran.

15. Alacran has failed and refused, and continues to fail and refuse, to pay any portion of the amounts due and owing to Casa for the work it performed on the Project.

16. The Agreement further provides that if either party thereto employs an attorney to collect damages for the breach of the Agreement, to institute suit, *inter alia*, the prevailing party shall be entitled to recover its reasonable attorney's fees, costs, charges and expenses expended or incurred therein.

## COUNT I
## BREACH OF CONTRACT

17. Casa repeats and re-alleges the allegations set forth in the the above Paragraphs as if herein set forth herein.

18. Alacran offered the Agreement to Casa.

19. Casa accepted the offer and agreed to perform the work pursuant to the Agreement in exchange for payment of $87,168.96.

20. Alacran and Casa had a valid and enforceable contract.

21. Casa properly performed all of its obligations under the Agreement.

22. Alacran breached the Agreement by failing to pay Casa the total sum of money that Casa is entitled to under the Agreement for the work performed.

23. Due to Alacran's breach of the Agreement, Casa has been damaged in the amount of at least $87,168.96.

WHEREFORE, Plaintiff Casa Design, Inc., prays that this Court enter judgment in its favor and against Defendant Alacran Contracting, LLC in the amount of $87,168.96, plus interest, attorney's fees, costs and such other and further relief as this Court deems just and appropriate under the circumstances.

## COUNT II
## UNJUST ENRICHMENT
### (In the Alternative)

24. Casa repeats and re-alleges the allegations set forth in the the above Paragraphs as if herein set forth herein.

25. In the alternative to Count I above, if the Court finds that the Agreement does not govern the relationship of the parties, Casa conferred a direct benefit upon Alacran, and Alacran was unjustly enriched by that benefit provided by Casa.

26. The benefit that was conferred upon Alacran was to Casa's detriment.

27. There was an appreciation or knowledge by Alacran of the benefit.

28. There was acceptance or retention by Alacran of the benefit conferred.

29. It would be unjust and inequitable for Alacran to retain the benefit without paying Casa for the value of that benefit.

30. Casa is entitled to an award of monetary damages in the amount of approximately $87,168.96, plus attorney's fees, costs.

WHEREFORE, Plaintiff Casa Design, Inc. prays that this Court enter judgment in its favor and against Defendant Alacran Contracting, LLC in the amount of $87,168.96, plus interest, attorney's fees, costs and such other and further relief as this Court deems just and appropriate under the circumstances.

## COUNT III
## QUANTUM MERUIT
### (In the Alternative)

31. Casa repeats and re-alleges the allegations set forth in the the above Paragraphs as if herein set forth herein.

32. In the alternative to Count I above, if the Court finds that the Agreement does not govern the relationship of the parties, Casa performed work for Alacran of which Alacran received a direct benefit from Casa.

33. Alacran retained the benefit of said work performed by Casa on the Project.

34. Casa's work was performed at the insistence of Alacran to be charged by Casa.

35. Casa's work was not performed gratuitously and Alacran knew that Casa expected to be compensated for the work provided.

36. Alacran accepted the work that Casa performed.

37. Casa properly performed that work relating to the Project and on behalf of Alacran.

38. Alacran has failed to pay Casa the expected reasonable compensation for the work that Casa performed on the Project.

39. It would be unjust and inequitable for Alacran to retain the value of the work without paying Casa for the benefit conferred.

40. Casa is entitled to an award of monetary damages in the amount of approximately $87,168.96, plus attorney's fees and costs, for the benefit of the work that Casa performed for Alacran on the Project.

WHEREFORE, Plaintiff Casa Design, Inc. prays that this Court enter judgment in its favor and against Defendant Alacran Contracting, LLC in the amount of $87,168.96, plus interest, attorney's fees, costs and such other and further relief as this Court deems just and appropriate under the circumstances.

Done this, the 12th day of May 2017.

> Respectfully submitted,
>
> /s/ *Franklin H. Eaton, Jr.*
> Franklin H. Eaton, Jr.  (EAT009)
>
> Franklin H. Eaton, Jr. Esq.
> 374 Union Chapel Rd.
> Northport, AL 35473
> (256) 738-4730
> franklineatonjr@mac.com

**Please serve Defendant via Certified Mail:**

ALACRAN Contracting, LLC c/o General Counsel
2303 Charles Street
Rockford, IL 61104



# Exhibit A

# INVOICE

CASA Designs, LLC
190 Lime Quarry Road
Suite 108
Madison, AL 35758

Date: January 9, 2015
Invoice # 110

TO  Lori Ogles
    C/O Martha Krebeck, MSA
    Alacran Contracting, LLC
    309 S. Main Street
    Rockford, IL  61101-1309
    Office  (815) 394-0197

| SALESPERSON | JOB | PAYMENT TERMS | DUE DATE |
|---|---|---|---|
| Steve G. Humphrey | Peoria | None | Upon Receipt |

| ITEM | DESCRIPTION | TOTAL PRICE | LINE TOTAL |
|---|---|---|---|
| 1 | Invoice 101 dtd 11 Dec 2013; Labor 5-29 Nov 13 | $31,200.00 | $24,200.00 |
| 2 | Invoice 103 dtd 16 Dec 2013; Travel/misc. | $1,510.04 | $1,510.04 |
| 3 | Invoice 104 dtd 16 Dec 2013; Travel/misc. | $1,126.99 | $1,126.99 |
| 4 | Invoice 105 dtd 6 Jan 2014; Labor 1-31Dec 13 | $24,700.00 | $24,700.00 |
| 5 | Invoice 106 dtd 22 Jan 2014; Labor 6-17 Jan 14 | $5,265.00 | $5,265.00 |
| 6 | Invoice 107 dtd 22 Jan 2014; Travel/misc. | $1,328.89 | $1,328.89 |
| 7 | Invoice 108 dtd 5 Mar 2014; Labor 24-28 Feb 14 | $5,200.00 | $5,200.00 |
| 8 | Invoice 109 dtd 5 Mar 2014; Travel/misc. | $563.06 | $563.06 |
| 9 | 10% Late fee on Invoices 101-109 | $6,389.40 | $6,389.40 |
| | | SUB TOTAL | $70,283.38 |
| | | SALES TAX | N/A |
| | | GRAND TOTAL | $70,283.38 |

Make all checks payable to CASA Designs, LLC
**Thank you for your business!**