# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | | |
|---|---|---|
| CASA DESIGN, INC., | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 17-00216-KD-N |
| | ) | |
| ALACRAN CONTRACTING, LLC, | ) | |
|     Defendant. | ) | |

## ORDER

This action is before the Court *sua sponte* on review of its subject matter jurisdiction.[1] Plaintiff Casa Design, Inc. ("the Plaintiff") initiated this action by filing a complaint (Doc. 1) with the Court, alleging diversity of citizenship under 28 U.S.C. § 1332(a) as the sole basis for jurisdiction. *See* Fed. R. Civ. P. 8(a)(1) ("A pleading that states a claim for relief must contain a short and plain statement of the grounds for the court's jurisdiction…").

> When a plaintiff files suit in federal court, [the plaintiff] must allege facts that, if true, show federal subject matter jurisdiction over [the] case exists. *Taylor v. Appleton,* 30 F.3d 1365, 1367 (11th Cir. 1994). Those allegations, when federal jurisdiction is invoked based upon diversity, must include the citizenship of each party, so that the court is satisfied that no plaintiff is a citizen of the same state as any

---

[1] "It is . . . axiomatic that the inferior federal courts are courts of limited jurisdiction. They are 'empowered to hear only those cases within the judicial power of the United States as defined by Article III of the Constitution,' and which have been entrusted to them by a jurisdictional grant authorized by Congress." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 409 (11th Cir. 1999) (quoting *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994)). Accordingly, "it is well settled that a federal court is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking." *Id.* at 410. "[A] court should inquire into whether it has subject matter jurisdiction at the earliest possible stage in the proceedings." *Id. See also See Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514, (2006) ("[C]ourts, including this Court, have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party.").

defendant. *Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998) ("Diversity jurisdiction requires complete diversity; every plaintiff must be diverse from every defendant."). Without such allegations, district courts are constitutionally obligated to dismiss the action altogether if the plaintiff does not cure the deficiency. *Stanley v. C.I.A.*, 639 F.2d 1146, 1159 (5th Cir. Unit B Mar. 1981); *see also DiMaio v. Democratic Nat'l Comm.*, 520 F.3d 1299, 1303 (11th Cir. 2008) ("Where dismissal can be based on lack of subject matter jurisdiction and failure to state a claim, the court should dismiss on only the jurisdictional grounds." (internal quotation marks omitted)). **That is, if a complaint's factual allegations do not assure the court it has subject matter jurisdiction, then the court is without power to do anything in the case.** *See Goodman ex rel. Goodman v. Sipos*, 259 F.3d 1327, 1331, n.6 (11th Cir. 2001) (" '[A district] court must dismiss a case without ever reaching the merits if it concludes that it has no jurisdiction.' " (quoting *Capitol Leasing Co. v. FDIC*, 999 F.2d 188, 191 (7th Cir. 1993))); *see also Belleri v. United States*, 712 F.3d 543, 547 (11th Cir. 2013) ("We may not consider the merits of [a] complaint unless and until we are assured of our subject matter jurisdiction.").

*Travaglio v. Am. Exp. Co.*, 735 F.3d 1266, 1268 (11th Cir. 2013) (emphasis added) (footnote omitted). *See also, e.g.*, *Ray v. Bird & Son & Asset Realization Co., Inc.*, 519 F.2d 1081, 1082 (5th Cir. 1975) ("The burden of pleading diversity of citizenship is upon the party invoking federal jurisdiction . . ." (citing *Mas v. Perry*, 489 F.2d 1396 (5th Cir. 1974)).[2] Upon review of the complaint (Doc. 1), the undersigned finds that the Plaintiff has failed to allege sufficient facts showing the citizenship of either party for purposes of diversity jurisdiction.[3]

---

[2] "In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir.1981) (en banc), [the Eleventh Circuit] adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981." *Travaglio*, 735 F.3d at 1268 n.1.

[3] For purposes of the present *sua sponte* review, the undersigned finds that the

First, it is unclear whether the Plaintiff is a corporation or a limited liability company (LLC). The Plaintiff identifies itself with the suffix "Inc." in the style of the complaint and several times in the body of the complaint, suggesting that it is a corporation. However, in the section labeled "The Parties," the Plaintiff identifies itself with the suffix "LLC" and alleges that it is a "limited liability company." (*See* Doc. 1 at 1, ¶ 1). Regardless, the Plaintiff has failed to allege sufficient facts demonstrating its citizenship either way, merely alleging that it is an "Alabama" entity. If the Plaintiff is a corporation, it must specifically allege "every State and foreign state by which it has been incorporated and…the State or foreign state where it has its principal place of business" in order to sufficiently demonstrate its citizenship. *See* 28 U.S.C. § 1332(c)(1).

On the other hand, the rule for diversity jurisdiction is "that the citizenship of an artificial, unincorporated entity generally depends on the citizenship of all the members composing the organization." *Rolling Greens, MHP, L.P. v. Comcast SCH Holdings, L.L.C.*, 374 F.3d 1020, 1021 (11th Cir. 2004) (per curiam) (citing *Carden v. Arkoma Assocs.*, 494 U.S. 185, 195-96 (1990)). *See also Americold Realty Trust v. Conagra Foods, Inc.*, 136 S. Ct. 1012, 1016 (2016) ("So long as … an entity is unincorporated, we apply our 'oft-repeated rule' that it possesses the citizenship of all its members." (reaffirming *Carden*)). As such, for purposes of diversity jurisdiction, "a limited liability company is a citizen of any state of which a member of the company is a citizen." *Rolling Greens*, 374 F.3d at 1022. *Accord Mallory &*

---

Plaintiff has alleged sufficient facts showing § 1332(a)'s requisite amount in controversy.

*Evans Contractors & Eng'rs, LLC v. Tuskegee Univ.*, 663 F.3d 1304, 1305 (11th Cir. 2011) (per curiam). Thus, "[t]o sufficiently allege the citizenship[] of [an LLC], a party must list the citizenships of all the members of the limited liability company…" *Rolling Greens*, 374 F.3d at 1022. *See also* S.D. Ala. CivLR 8 ("A pleading or notice of removal asserting jurisdiction based on diversity of citizenship must identify the citizenship of each party to the litigation … If any party is an unincorporated association, limited liability company, or partnership, the pleading or notice must identify the citizenship of all members.").[4] Thus, if the Plaintiff is indeed an LLC, it must allege the citizenships of each of its members. The Plaintiff must also do the same for Defendant Alacran Contracting, LLC, which is clearly alleged to be an LLC. (*See* Doc. 1 at 1, ¶ 2).[5]

"Defective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts." 28 U.S.C. § 1653. "[L]eave to amend should be freely granted when necessary to cure a failure to allege jurisdiction properly." *Majd-Pour v. Georgiana Cmty. Hosp., Inc.*, 724 F.2d 901, 903 n.1 (11th Cir. 1984). Upon consideration, the Plaintiff is **ORDERED** to file, no later than **Tuesday, May 30,**

---

[4] This "can require tracing through several layers." *BouMatic, LLC v. Idento Operations, BV*, 759 F.3d 790, 791 (7th Cir. 2014) (citing *Cosgrove v. Bartolotta*, 150 F.3d 729 (7th Cir. 1998) (citizenship of an LLC depends on citizenship of its members, traced through as many levels as necessary to reach corporations or natural persons)). *See also Azzo v. Jetro Rest. Depot, LLC*, No. 3:11-CV-324-J-34JRK, 2011 WL 1357557, at *2 n.2 (M.D. Fla. Apr. 11, 2011) (in pleading the citizenships of the members, "each member's citizenship must [also ]be properly alleged, be it an individual, corporation, LLC, or other entity").

[5] The Plaintiff has attempted to treat Alacran as a corporation for purposes of diversity, alleging its state of formation and the state where it has its principal place of business.

**2017**, an amended complaint that sufficiently alleges the citizenship of both artificial entity parties for purpose of diversity jurisdiction under § 1332(a), or that alleges some alternative basis for subject matter jurisdiction.  In filing the amended complaint, the Plaintiff must abide by the following directives:

- The Plaintiff shall correct the style to reflect that the amended complaint is being filed in the United States District Court for **the Southern District of Alabama, Southern Division**, rather than for "the Northern District of Alabama, Western Division."

- The amended complaint shall reproduce the entire original complaint as amended, *see* S.D. Ala. CivLR 15(a) ("Any amendment to a pleading … must reproduce the entire pleading as amended and may not incorporate any prior pleading by reference."), and will become the operative complaint in this action.[6]

- The Plaintiff must file the amended complaint as a freestanding pleading and not as an exhibit attached to a notice, motion, etc.

Any filing made in contravention of these directives will be deemed nonresponsive to this Order and will be summarily ordered stricken.  Moreover, the

---

[6] "As a general matter, '[a]n amended pleading supersedes the former pleading; the original pleading is abandoned by the amendment, and is no longer a part of the pleader's averments against his adversary.' " *Pintando v. Miami-Dade Hous. Agency*, 501 F.3d 1241, 1243 (11th Cir. 2007) (*per curiam*) (quoting *Dresdner Bank AG, Dresdner Bank AG in Hamburg v. M/V OLYMPIA VOYAGER*, 463 F.3d 1210, 1215 (11th Cir. 2006) (citation and quotation omitted)).  *See also, e.g., Fritz v. Standard Sec. Life Ins. Co. of New York*, 676 F.2d 1356, 1358 (11th Cir. 1982) ("Under the Federal Rules, an amended complaint supersedes the original complaint.").

failure to file an amended complaint as ordered will result in entry of a recommendation that this action for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

The Plaintiff is also **ORDERED** to file a disclosure statement in accordance with S.D. Ala. CivLR 7.1 (and Federal Rule of Civil Procedure 7.1, if it is a "nongovernmental corporate party") later than **Tuesday, May 30, 2017**.[7]

**DONE** and **ORDERED** this the 15th day of May 2017.

> */s/ Katherine P. Nelson*
> **KATHERINE P. NELSON**
> **UNITED STATES MAGISTRATE JUDGE**

---

[7] Form available at: www.alsd.uscourts.gov/sites/alsd/files/forms/CivilDisclosureStatement.pdf